UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOULEE VANG,<br><br>    Petitioner,<br><br>v.<br><br>PATRICK COVELLO,<br><br>    Respondent. | No. 2:20-cv-0193 WBS KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner, proceeds pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's sole claim is that there was insufficient evidence to support his conviction. On May 7, 2020, respondent filed a motion to dismiss the application because it is wholly unexhausted. Petitioner did not file an opposition to the motion or otherwise respond.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

As argued by respondent, the petition for review filed in the California Supreme Court did not raise an insufficiency of the evidence claim. (ECF No. 15-3 at 2.) Rather, petitioner alleged he was not provided sufficient notice under California Penal Code Section 1009 (ECF No. 15-3 at 10), and that he was prejudiced by the trial court's refusal to instruct the jury on the definition of "abiding conviction" (ECF No. 15-3 at 20). Petitioner did not file a petition for writ of habeas corpus in the California Supreme Court.

The pending motion should be granted because petitioner failed to exhaust state court remedies. The instant claims have not been presented to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner. Accordingly, the petition should be dismissed without prejudice.[2]

Good cause appearing, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 14) be granted; and

2. Petitioner's application for a writ of habeas corpus be dismissed, without prejudice, for failure to exhaust state remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 23, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/vang0193.mtd